Minute Order Form (06/97) 

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5232 | **DATE** | 10/27/2000 |
| **CASE TITLE** | Ray Hanania et al vs. Betty Loren-Maltese etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff Resnick wants to use an expert to talk about summary judgment standards and Judge Zagel's opinion Defendant Loren-Maltese's response is twofold: experts cannot provide testimony about ultimate legal issues and she is asserting the defense of reliance upon counsel. Plaintiff claims the reliance defense comes too late. Since Judge Nolan is far more conversant with the case management issues, we believe she should decide whether defendant can reply upon that defense.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 3 1 2000 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | IS docketing deputy initials | 146 |
| | Copy to judge/magistrate judge. | | |
| WAH courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 OCT 30 AM 9:03 | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAY HANANIA and ALLISON RESNICK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) No. 98 C 5232 | |
| | ) | |
| BETTY LOREN-MALTESE, individually and in her official capacity as President of the Town of Cicero, TOWN OF CICERO, THE CICERO TOWN NEWS, CICERO TOWN REPUBLICAN ORGANIZATION, THE CICERO OBSERVER, BOARD TRUSTEES MICHAEL FREDERICK, RUPERTO ALEJANDRO, MOISES ZAYAS, JOHN KOCIOLKO, JOSEPH VIRRUSO, RICHARD SMETANA, and JAN POROD, individually and in their official capacities as, JEROME TORSHEN, and TORSHEN, SPREYER & GARMISA, LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

DOCKETED OCT 3 1 2000

## MEMORANDUM AND ORDER

Plaintiff Resnick wants to use an expert to talk about summary judgment standards and Judge Zagel's opinion. Defendant Loren-Maltese's response is twofold: experts cannot provide testimony about ultimate legal issues and she is asserting the defense of reliance upon counsel. Plaintiff claims the reliance defense comes too late.

Judge Nolan thought this court should deal with the appropriateness of expert testimony, and we agree. Clearly, the expert cannot give an opinion as to whether or not a writing is defamatory, but plaintiff insists he will not. and experts sometimes do opine about legal matrices unfamiliar to juries, such as the legal structure of the patent system. Whether or not an expert should be permitted to testify here, and what he might be permitted to say,

146

may depend, however, on whether defendant can assert a reliance defense, and what turns up in the attorney's deposition. Since Judge Nolan is far more conversant with the case management issues, we believe she should decide whether defendant can rely upon that defense. If so, then this court, knowing the nature of that defense, can better review the appropriateness and possible scope of that testimony. If not, we can make the determination in those circumstances.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 27, 2000.