Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5232 | **DATE** | 2/13/2002 |
| **CASE TITLE** | Ray Hanania et al. Vs. Town of Cicero et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs wish to use two experts at trial. One is Profess Harold Kent, who would testify about the nature of summary judgment motions and how that bears on Judge Zagel's opinion. Professor Kent is highly qualified and his testimony would, we believe, be helpful to the jury. The second proposed expert is Professor Vincent Vitullo. Defendants' objection that the proffer is untimely is another matter. We refer to her (Judge Nolan) the issue of whether this proffer should be rejected as untimely.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 1 4 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 177 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 FEB 14 AM 8:32 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RAY HANANIA and ALISON RESNICK,       )
                                      )
            Plaintiffs,               )
                                      )
    vs.                               )   No. 98 C 5232
                                      )
TOWN OF CICERO, et al.,               )
                                      )
            Defendants.               )

DOCKETED FEB 1 4 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs wish to use two experts at trial. One is Professor Harold Kent, who would testify about the nature of summary judgment motions and how that bears on Judge Zagel's opinion. He is not going to testify about what is or might be defamatory. Professor Kent is highly qualified and his testimony would, we believe, be helpful to the jury. The difference between "legal conclusions" and "ultimate issues" is not particularly clear, but we think the jury will require some help in understanding what summary judgment motions are all about.

The parties, in discussing the admissibility of Prof. Kent's testimony, spilled over into discussing the propriety of an "advice of counsel" defense. Judge Nolan allowed it, but, say plaintiffs, it was only with respect to conversations between defendant Loren-Maltese and the town attorney, Mark Sterk, and exploration of that defense was forestalled by defendants' invocation of the attorney-client privilege.

We believe, however, that the defendants did disclose what would be the substance of that defense, such as it is, and it mostly is, "I do not recall." A review of the depositions of Loren-Maltese, Sterk and David Donahue indicates the following: Loren-Maltese asked Donahue to prepare a press release about the consent judgment. Because Sterk was the source of the information and it was a legal matter, Donahue should have cleared it with Sterk, but

|77

she has no specific recollection of instructing him to do so, and she has no idea whether he did or did not. Donahue recalls discussing the general subject matter of the housing discrimination suit with Sterk, but has no recollection of who said what to whom, although there was some reference to Alison Resnick's role. He does not recall Sterk reading the press release. He probably discussed the press release with Loren-Maltese but he has no specific recollection of doing so. Sterk has no recollection of discussing that matter with Donahue or of seeing the press release or mailer. Indeed, he was certain he had never seen the mailer prior to his deposition. Whether that is or is not a defense we leave to another day, but we do conclude that the substance of it was disclosed.

The second proposed expert is Professor Vincent Vitullo. Resnick had earlier sued the Town of Cicero and Loren-Maltese in state court. That case was ultimately settled, and defendants seek to bar Resnick from pursuing any claims arising prior to the settlement. Resnick claims that the settlement is unenforceable, on the ground that it was the result of a conflict of interest induced by the defendants. In short, she claims her attorney entered into a representation of Cicero-related defendants in order to advance his interests at the expense of hers. Again, the proposed witness is well qualified to testify about a lawyer's ethical obligations. Defendants do not suggest that an attack upon a settlement agreement as unenforceable because of a breach of fiduciary obligations is not a valid claim, if sustained. And we see no way to sustain it other than by expert testimony.

Defendants' objection that the proffer is untimely is another matter. The case was returned to this court by Magistrate Judge Nolan on October 2, 2001, all matters having been resolved. Presumably the case was ready for trial. Vittulo's opinion is dated December 6, 2001, more than two months later. Plaintiffs argue that the delay is excusable and defendants

claim otherwise. But, again, this is a case management issue better left to Judge Nolan. We refer to her the issue of whether this proffer should be rejected as untimely.

                                                                  JAMES B. MORAN  
                                             Senior Judge, U. S. District Court

Feb. 13, 2002.