

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAY HANANIA and ALISON RESNICK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 98 C 5232 |
| | ) | |
| BETTY LOREN-MALTESE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Betty Loren-Maltese is a defendant in this civil action. She is imprisoned in California. The case is scheduled for trial beginning April 11, 2005. Plaintiffs wish to have her appear here to testify. She has indicated a willingness to testify about some subjects, although there are others about which she will invoke the Fifth Amendment, but she would prefer to testify from California. Plaintiffs are willing to pay the expenses of transporting her here, and they have been assured that she need not and will not remain here any longer than is necessary for her testimony. Whether or not a writ should issue is within the discretion of the court, within limits, Stone v. Morris, 546 F.2d 730 (7th Cir. 1976), and the factors strongly counsel for the issuance of the writ.

1. Live testimony is far preferable, particularly when the jury must make credibility determinations.

2. This court can make privilege determinations with far greater facility in those circumstances, both whether or not the answer to a specific question may possibly be incriminating and whether or not the privilege has been waived by answers to prior deposition

questions.

3. Plaintiffs are willing to bear the expense of transport to and from California and that transport appears not to create any particular risks.

4. Defendant's time here can be brief. To that end, we direct plaintiffs' counsel to consult with defendant's civil and criminal counsel for two purposes: to select the most convenient date or dates for her testimony and to determine, insofar as possible, which questions will lead to the invocation of the privilege and which will not, and whether they agree or disagree with the invocation of the privilege. Further, she will testify once. Defendants will explore any areas they wish that are relevant and are not covered by plaintiffs' counsel at the one time she is on the stand, even though the testimony may be out of the accustomed order.

Plaintiffs shall submit a draft writ in conformity to the views here expressed.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 16, 2005